**In the Matter of Robert R. GARRETT.**

**No. 1078S200.**

Supreme Court of Indiana.

Jan. 30, 1980.

Robert R. Garrett, Merrillville, pro se.

Don R. Mueller, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

This cause is before the Court on a single count Verified Complaint filed by the Disciplinary Commission of this Court pursuant to Admission and Discipline Rule 23, Section 12. In accordance with the provisions of Rule 23, a Hearing Officer was appointed, the cause was heard, and the Hearing Officer has filed his Report. The Disciplinary Commission has filed a Petition for Review and a brief in support of this petition.

Under the Verified Complaint, the Respondent is charged with conduct violative of Disciplinary Rules 1–102(A)(4), (5), and (6); 6–101(A)(3); and 7–101(A)(1), (2), and (3). These charges stem from the alleged failure of Respondent to pursue an appeal from an administrative proceeding in which the Respondent's client was denied a claim of disability.

After examining the matters which have been submitted in this cause, we now adopt and accept as our own the findings of the Hearing Officer which establish that during July 1974, the Respondent accepted employment, as an attorney, to appeal from an administrative ruling entered by the Social Security Administration; Respondent was paid a fee of two hundred fifty dollars. Respondent took no action on behalf of his client and, as a consequence, this client lost his right of access to review of the administrative process.

In light of these findings, we conclude that the Respondent neglected a legal matter entrusted to him, engaged in conduct prejudicial to the administration of justice and engaged in conduct adversely reflecting on his fitness to practice law; this conduct violated Disciplinary Rules 6–101(A)(3) and 1–102(A)(5) and (6) of the *Code of Professional Responsibility*. We further conclude that the evidence in this case is insufficient to establish a violation of the additional charges of misconduct asserted in the Verified Complaint.

Having concluded that Respondent violated the Disciplinary Rules of the *Code of Professional Responsibility*, we must assess an appropriate sanction. In our determination of this aspect of this cause, we take judicial notice of our prior decision involving the discipline of this Respondent. *In the Matter of Garrett*, (1978) Ind., 377 N.E.2d 1368. In this prior proceeding the Respondent was suspended from the practice of law for a period of one year commencing August 15, 1978. Ostensibly, by reason of the pendency of this second disciplinary action, Respondent has not petitioned for reinstatement as of this date. We further note that the misconduct established under this cause, although unrelated in factual detail, is similar in nature and time of occurrence with the misconduct found in the prior proceeding.

We view with total disfavor the neglect demonstrated by the Respondent. This type of behavior not only will macerate a professional reputation, but also, in the eyes of all those who are adversely affected, will damage, unalterably, the image of the legal profession. Respondent's clients can assert with total justification that their trust in the legal profession was misplaced. We cannot prevent an attorney from laying havoc to a reputation, but we can, and we intend to, do all in our power to preserve the integrity of the legal profession and assure the effective administration of justice. Prejudicial neglect is conduct we cannot approve.

The special circumstances present in this case indicate that Respondent's prior suspension has been extended by reason of the pendency of this case. In light of this extension, we conclude that further suspension is not warranted. Therefore, by reason of the violation of the *Code of Professional Responsibility* found under this cause, Respondent is hereby reprimanded and admonished. It is further ordered that Respondent shall pay the costs of these proceedings and that the payment of all outstanding costs assessed against the Respondent shall be a condition for reinstatement.